562

In re Application of Carlos
Alex SKEWES.

Misc. Dkt. No. 99–11.

U.S. Air Force Court of Criminal Appeals.

6 Oct. 1999.

En Banc SNYDER,.Chief Judge, YOUNG, Senior Judge, SENANDER, Senior Judge, SPISAK, SCHLEGEL, WILCOX, BURD, HEAD, and ROBERTS, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Senior Judge:

On 25 August 1999, Carlos Alex Skewes applied for admission to the bar of this Court. In support of his application, Mr. Skewes submitted a copy of a diploma from Bernadean University,* awarding him a Juris Doctor degree on 26 February 1992, and a

---

\* According to its internet web site, Bernadean University of Van Nuys, California, "is a nonprofit organization and operates under the auspices of the interdenominational Church of Universology" and is accredited by the World Council of Global Education. It has been certified by the Secretary of State for California as a domestic corporation. Bernadean University students "do not attend classes but study at home or in public libraries under the guidance of a mentor, to whom the student is assigned for conferences or communication by correspondence." After enrollment in a course of study, the student is sent a list of examination questions. The student locates the answers to these questions in the textbook or in·the public library. "The answers are then sent to the student's mentor for evaluation and if the answers are at least 70% correct college credit is given for the study course." "[A]fter completion of any study course, you may qualify as a mentor and have students assigned to you for the grading of papers and to help the students." Bernadean University's College of Law is not recognized by the American Bar Association, nor does it appear to be currently registered with the State Bar of California.

letter from the Hoopa Valley Tribal Court, Hoopa, California, stating that Mr. Skewes "is a member in good standing of the Hoopa Valley Tribal Court Bar."

■ This Court was established by The Judge Advocate General of the Air Force at the direction of Congress. Article 66(a), UCMJ, 10 U.S.C. § 866(a). Pursuant to Article 66(f), UCMJ, 10 U.S.C. § 866(f), the Judge Advocates General of the military services prescribed the conditions for admission to the bar of the service courts of criminal appeals. That rule permits each service court to license only those counsel who "shall be a member in good standing of the bar of a Federal Court, the highest court of a State or another recognized bar." Cts.Crim.App. R. 8, 44 M.J. LXVII. Although an applicant's burden of proof is not specified in the rule, we hereby adopt a clear and convincing standard.

■ Indian tribes have powers of limited sovereignty which have never been extinguished. *United States v. Wheeler,* 435 U.S. 313, 322, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978) (citing F. Cohen, *Handbook of Federal Indian Law* 122 (1945)). Such sovereignty "exists only at the sufferance of Congress and is subject to complete defeasance," but "until Congress acts, the tribes retain their existing sovereign powers." *Id.* at 323, 98 S.Ct. 1079. A tribal court is an arm of the Indian tribe it serves, not part of the federal judicial system. *See id.* at 322, 98 S.Ct. 1079. *Accord Duro v. Reina,* 495 U.S. 676, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990). As tribal courts are neither federal nor state courts, we may only approve Mr. Skewes application if he demonstrates by clear and convincing evidence that he is a member in good standing of "another recognized bar."

This Court does not currently "recognize" the bar of the Hoopa Valley Tribal Court. In an effort to determine whether to grant recognition to that bar, on 30 August 1999, the Chief Judge of this Court asked the Hoopa Valley Tribal Court to advise us of all the requirements for admission to its bar. While not directly responsive to our Chief Judge's inquiry, a law clerk from the Tribal Court did provide a letter asserting that the applicant was admitted to the Hoopa Valley Tribal Court Bar on 11 January 1999, and based on the applicant's status as "an attorney," the Chief Judge of the Tribal Court had waived the examination requirement. The applicant has not submitted proof that he is "an attorney," authorized to practice law before any court other than the Hoopa Valley Tribal Court. In fact, both the applicant and the clerk from the Tribal Court have advised us that admission to the Tribal Court Bar may be based solely upon a diploma recognizing an applicant's completion of law school, and that Mr. Skewes was admitted on that basis.

■ This Court, like all courts, has a legitimate interest in assuring the competency of those who practice before it. We may require "high standards of qualification" before admitting an applicant to the bar, provided the qualification has "a rational connection with the applicant's fitness or capacity to practice law." *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232, 239, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). Thus, the Judge Advocates General could have established independent standards for admission to the bars of the service courts of criminal appeals. Instead, they decided, as a matter of comity and efficiency, to accept those attorneys licensed by, and in good standing with, federal courts, the highest state courts, or other "recognized bars," as qualified for admission to the bar of this Court without further proof of competency.

■ This is a case of first impression. Never before has this Court had to determine whether to recognize "another bar" for the purpose of admitting its members to the bar of this Court. The purpose of recognizing "another bar" is to bestow upon its members the same presumption of competency we attribute to members of the bars of federal and the highest state courts. We discern two essential attributes of federal and state bars that warranted the Judge Advocates General granting their members automatic admission to the bar of this Court: (1) the similarity between the practice of law in the military and in those jurisdictions; and (2) their efforts to insure that their members possess and maintain certain minimum quali-

fications which correspond with the qualifications necessary to practice effectively in the military system. These same attributes should be used in evaluating whether this Court should recognize the bar of the Hoopa Valley Tribal Court or any other court.

While there are certainly differences in the practice of law between states, between the state and federal systems, and even between the federal and military systems, there are considerable similarities. The Constitution of the United States applies to all three systems. Their criminal laws, rules of procedure, and rules of evidence are quite similar and, to a great extent, are based on the common law tradition.

In adopting Rule 8, the Judge Advocates General acknowledged that the interests of the bars of the federal and highest state courts in establishing and maintaining the competency of their members guaranteed a level of proficiency sufficient to warrant a presumption of competency before this Court. Generally, the federal and state bars establish these standards by requiring each applicant to graduate from a law school accredited by the American Bar Association (ABA) or the state, to undergo an investigation which results in a favorable character evaluation, and to pass a bar examination. Most state bars maintain these standards by requiring their members to participate in continuing legal education and subjecting them to disciplinary action for failing to comply with the bar's standards.

After careful review, we decline to "recognize" the Hoopa Valley Tribal Court Bar. We are not convinced that membership in the Hoopa Valley Tribal Court Bar warrants the same presumption of competency before our Court as does membership in the bar of a Federal court or the highest court of a State.

The applicant failed to establish that the practice of law in the Tribal Court is similar to the practice of law in the military.

> While modern tribal courts include many familiar features of the judicial process, they are influenced by the unique customs, languages, and usages of the tribes they serve. Tribal courts are often "subor-dinate to the political branches of tribal governments," and their legal methods may depend on "unspoken practices and norms." [F. Cohen, *Handbook of Federal Indian Law* 334–35 (1945)]. It is significant that the Bill of Rights does not apply to Indian tribal governments. *Talton v. Mayes,* 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896).

*Duro,* 495 U.S. at 693, 110 S.Ct. 2053.

The applicant also failed to establish that the Tribal Court Bar's standards for admission are sufficient to insure that its members are qualified to practice before this Court. The available evidence suggests that the Tribal Court Bar admits applicants who have not graduated from a law school accredited by either the state or the ABA; have not passed a bar examination that would not only establish the applicant's competency to practice before the Tribal Court, but would also warrant a presumption that the applicant is qualified to practice *before this Court;* have not submitted to an evaluation of their character; and are not subject to an attorney disciplinary system to insure they comply with the bar's standards.

As the Hoopa Valley Tribal Court Bar is not "another recognized bar" under Cts. Crim.App. R. 8, the applicant failed to prove by clear and convincing evidence that he has the credentials necessary to be admitted to the bar of this Court.

Accordingly, Mr. Skewes application for admission is

DENIED.

Chief Judge SNYDER, Senior Judge SENANDER, Judges SPISAK, SCHLEGEL, WILCOX, BURD, HEAD, and ROBERTS concur.